UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
Eastern Division

Louis Robinson
        Plaintiff,

v.                Case No.: 1:24−cv−05954
               Honorable Franklin U. Valderrama

Reynaldo Guevara, et al.
        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, February 19, 2025:

  MINUTE entry before the Honorable Franklin U. Valderrama: Before the Court are Defendants Osvaldo Valdez and the City of Chicago's motion to strike Plaintiff's amended complaint [74]; Defendants Reynaldo Guevara, Anthony Wojcik, Daniel Engel, John Mosquera, Cesar Echeverria, Edward Mingey, Robert Biebel, Geri Lynn Yanow, as special representative of the Estate of Ernest Halvorsen, deceased, and the City of Chicago's motion to stay the deadline to answer the amended complaint until after a ruling on the motion to strike [75], and Plaintiff's response to both motions [76]. Defendants Valdez and the City of Chicago request that the Court strike Plaintiff's amended complaint under Fed. R. Civ. P. 12(f) on two bases: (1) according to Defendants, Plaintiff cannot amend his complaint to add a new defendant (here, Valdez) as a matter of course under Fed. R. Civ. P. 15(a)(1), and (2) regardless, Plaintiff's state−law claims against Valdez and the corresponding derivative claims against the City are time−barred. R. 74, Mot. Strike at 1−2. The other Defendants seek to stay their answer deadline because requiring them to answer a complaint that may be stricken would be a waste of time and judicial resources. R. 75, Mot. Stay at 2. In response, Plaintiff retorts that, had Defendants meaningfully corresponded with Plaintiff prior to filing their motions, contested motion practice could have been avoided. That is, Plaintiff does not contest that his state−law claims against Valdez are time−barred and it does not appear that Defendants have other substantive issues with the amended complaint. Plaintiff does, however, dispute the other premise of Defendants' motion that a plaintiff cannot add defendants when amending under Rule 15(a)(1). Moreover, according to Plaintiff, even if he needed leave of Court to add a defendant, it would still be more efficient for the Court to use its discretion and decline to strike the entire amended complaint, but rather strike the state−law claims against Valdez and direct Defendants to answer the non−stricken claims. The Court agrees. As Plaintiff points out and Defendants concede, the Court has great discretion in handling motions to strike, see Delta Consulting Grp., Inc. v. R. Randle Constr., Inc., 554 F.3d 1133, 1141 (7th Cir. 2009), and may strike portions of a pleading without wholesale striking the entire pleading, Fed. R. Civ. P. 12(f). And, even if Plaintiff was required (and the Court is not definitively making a finding either way) to seek leave of Court to amend his complaint to add a defendant, Fed. R. Civ. P. 15(a)(2) provides a lenient standard for amendments, especially at an early stage of the case when the likelihood of prejudice is low. See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind., 786 F.3d 510, 520

(7th Cir. 2015). Accordingly, the Court grants in part and denies in part the motion to strike Plaintiff's amended complaint [74]. The Court strikes from the amended complaint the time–barred claims against Valdez and the corresponding derivative claims against the City. For clarity on the docket, the Court directs Plaintiff to file a second amended complaint that omits those claims by 2/21/2025. The Court terminates the motion to stay [75] as moot. The Court directs all Defendants to answer or otherwise respond to the operative complaint on or before 3/7/2025. The Court reminds defense counsel about the importance of meaningfully communicating with opposing counsel in order to avoid unnecessary motion practice whenever possible. Mailed notice. (jcm)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.